[Doc. No. 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CATHERINE VERME-GIBBONEY,

        Plaintiff,

v.

THE HARTFORD INSURANCE
COMPANY, et al.,

        Defendants.

Civil No. 11-3796 (RMB/JS)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's "Motion to Compel Discovery." [Doc. No. 42]. The Court received defendant's response [Doc. No. 44], plaintiff's reply [Doc. No. 48], and held oral argument. The issue to be addressed generally concerns the scope of discovery plaintiff is entitled to in this ERISA case. For the reasons to be discussed, plaintiff's motion is DENIED.

Background

Defendant insured plaintiff through an employee welfare benefit plan, which provides long term disability ("LTD") benefits to participants. In July 2008, plaintiff was placed on disability by her treating physician and sought LTD coverage. Defendant initially accepted plaintiff's claims and provided LTD benefits but on January 14, 2010, defendant terminated the

1

benefits. See Amended Compl. ¶¶ 7, 8 [Doc. No. 11]. Plaintiff filed a claim with defendant to have her LTD benefits reinstated but defendant denied the request. Plaintiff appealed the decision. After the appeal was denied plaintiff filed this action in the Superior Court of New Jersey seeking damages and reinstatement of her LTD benefits. Defendant subsequently removed the case to this Court.

This is plaintiff's second Motion to Compel Discovery. On October 24, 2012 [Doc. No. 33] the Court denied plaintiff's first motion which asked the Court to Order defendant to respond to her interrogatories, documents requests and deposition notice. In its Order the Court found that since plaintiff's plan granted discretionary authority to the administrator to determine eligibility benefits, defendant's decision to terminate plaintiff's LTD benefits "must be reviewed under an arbitrary and capricious standard." Order at 4. The Court, therefore, denied plaintiff's request that defendant respond to her "de novo discovery" directed to the merits of defendant's decision to terminate plaintiff's benefits. The Court also ruled:

> [P]laintiff may conduct limited discovery to determine the scope of defendant's conflict and the extent to which the conflict may have affected the administrator's determination about plan eligibility.... However, discovery should only be permitted to fill gaps in the administrative record. If the administrative record adequately explains the

2

procedures used to prevent or mitigate a conflicts problem, limited discovery is not permissible.

Order at 6.

Following up on the Court's October 24, 2012 Order, plaintiff served defendant with interrogatories and a corporate designee deposition notice. Defendant served objections and responses to the interrogatories, and objected to the deposition notice.[1] Plaintiff argues her discovery is designed to "fill in the gaps of the administrative record to determine whether or not the potential conflict of the arbitrator, and/or what and how said individual insulated and/or isolated themselves." March 3, 2013 Letter Brief ("LB") at 2. Defendant argues it provided plaintiff with all the relevant information it was required to produce. Defendant's Brief states:

> In brief, Hartford explained that the initial termination was made in the claims department while the final determination was made in a wholly separate appeals unit. Personnel in the claims and appeals units do not have access to or knowledge of financial information regarding any policyholder, nor is the information regarding the profitability or any other financial information regarding a policyholder provided to, or accessible by, those people. Rather, the people deciding initial claims or making determination on appeal have been effectively "walled-off" from Hartford's finance department by ensuring that their compensation is not determined by reference to their record in approving or denying claims. Additionally, claims personnel are separate from and not involved with the persons responsible for

---

[1] Defendant's objections and responses to interrogatories are attached as Exhibit C to defendant's Declaration. [Doc. No. 44-2 at 14-41]. Defendant's objection to plaintiff's deposition notice is attached as Exhibit B. [Id. at 8-11].

3

> Hartford's financial operations or decisions and they
> do not have any role or responsibility for management,
> reporting, or other functions regarding Hartford's
> finances. They are not required to interact in any way
> with employees involved in underwriting or other
> financial concerns when making benefit decisions.

Response Brief at 4-5. According to defendant, it does not have to provide any further information or produce a witness for deposition because the additional requested information is not needed to fill in any gaps in the administrative record. Id. at 3. In response plaintiff argues:

> Pursuant to relevant case law, plaintiff is
> and has always been entitled to inquire into
> how, if at all defendant was able to elect
> "a firewall" to prevent the inherent
> conflict associated with making a
> determination as to whether or not one would
> be entitled to ongoing benefits from one's
> own insurance company, despite representing
> and working for the company in question.

April 15, 2013 LB at 1. Plaintiff also argues she is "entitled to a determination as to whether or not defendant created a firewall sufficient to avoid prejudice and any inherent conflict." Id. at 2.

Discussion

There are several problems with plaintiff's motion. First, although plaintiff asks the Court to Order defendant to serve supplemental discovery answers, she did not specifically identify the relevant information she requested that was not produced. Further, plaintiff asks the court to order

4

defendant's designee to appear for what is presumably a Fed. R. Civ. P. 30(b)(6) deposition, but she did not attach the notice to her moving papers. The Court has a copy of defendant's objection (Response at Exhibit B), but not a copy of plaintiff's notice.

The most significant substantive problem with plaintiff's motion is that it does not appreciate the proper scope of discovery in the present context. It is, of course, well established that the Federal Rules of Civil Procedure allow broad and liberal discovery. See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). However, this does not apply in the ERISA context. In a situation such as this where the arbitrary and capricious standard of review applies, the review is limited to the administrative record and as such discovery is not ordinarily permitted. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 437-38 (3d Cir. 1997); Irgon v. Lincoln Nat. Life Ins. Co., C.A. No. 13-4731 (FLW), 2013 WL 6054809, at *3 (D.N.J. Nov. 15, 2013)("Under the arbitrary and capricious standard of review, courts must limit their review of the plan administrator's denial of benefits to only the evidence that was before the administrator when the decision was made.").

The Court previously held that even if discovery is permitted regarding a structural conflict of interest, the discovery is "limited." Order at 6. In fact, if the

5

administrative record adequately explains the procedure used to prevent or mitigate a conflicts problem no discovery is permissible. Id. (citations omitted); Shvartsman v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson, C.A. No. 11-03643 (JAP), 2012 WL 2118126, at *10 (D.N.J. June 11, 2012). As noted in the case law, discovery in the ERISA context "is limited by the statute's goal of a speedy, inexpensive, and efficient resolution of claims." Irgon at *4. Courts have wide discretion and "considerable latitude" in deciding whether discovery outside the scope of the administrative record is appropriate. Irgon at *4. This discretion includes a ruling denying any discovery beyond the administrative record. Id. at *7. See also Stevens v. Santander Holdings USA, Inc., C.A. No. 11-7473 (PGS), 2013 WL 322628, at *9. (D.N.J. Jan. 28, 2013)(denying discovery in ERISA action because plaintiff's broad allegations lacked a factual basis that did not raise a reasonable suspicion of misconduct by defendants or the administrator); Reed v. Citigroup, Inc., C.A. No. 12-2934 (JAP)(DEA), 2013 WL 2761132, at *2 (D.N.J. July 16, 2013)(denying discovery in ERISA action because plaintiff did not present evidence that a structural conflict or procedural irregularity existed). Plaintiff cites to Metro Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), for the proposition that she is entitled to broad discovery. Plaintiff misreads Glenn. As this

6

this Court wrote in its October 24, 2012 Order, "Glenn does not specifically address discovery issues." Order at 5. In addition, as discussed herein, numerous courts support the view that discovery in this context is non-existent or limited. Plaintiff has not cited to any contrary authority.

To be sure, discovery in this context is not completely out of bounds. Discovery outside the administrative record may be permitted if it is directed to an administrator's structural conflict of interest or procedural irregularities that occurred during the reviewing process. Irgon at *3. The structural inquiry focuses on the financial incentives created by the way the plan is organized. Post v. Hartford Ins. Co., 501 F.3d 154, 162 (3d Cir. 2007). The structural analysis does not ask about the administrator's behavior. Id. at 164. The Third Circuit has held "that a structural conflict arises when the Administrator has a non-trivial financial incentive to act against the interests of the beneficiaries." Id. at 162. Thus, a conflict of interest may exist if an employer funds and evaluates claims. A conflict may also exist if an employer pays an independent insurance company to both evaluate claims and pay plan benefits. Irgon at *5. (citations omitted). A conflict does not exist if an employer funds a benefits plan but an independent third-party is paid to administer the plan. Also, no conflict exists if an employer establishes a plan and creates an internal benefits

committee vested with the discretion to interpret the plan and administer benefits. Id. As to the inquiry into procedural irregularities, it "focuses on how the administrator treated the particular claimant." Id. (citation omitted). Procedural irregularities occur where the administrator has given the court reason to doubt its fiduciary neutrality. Id.; see also Post, 501 F.3d at 165 ("In considering procedural factors, the focus is whether, in [the] claimant's case, the administrator has given the court reason to doubt its fiduciary neutrality.")

Plaintiff has not cited to any procedural irregularity in the record. Instead, plaintiff focuses on defendant's alleged structural conflict of interest. The Court's October 24, 2012 Order granted plaintiff leave to conduct limited discovery to address the "inherent structural conflict of interest in defendant's group benefit plan because defendant determines eligibility and pays claims under the plan." Order at 7. (citation omitted). However, despite the fact that plaintiff has a copy of the administrative record and it received defendant's interrogatory answers, plaintiff does not point to any "gaps" in the administrative record. Although plaintiff says she wants to fill in the gaps, she does not cite to any deficiency that she wants to address.[2] In fact, the Court reads

---

[2] The Court will not address plaintiff's arguments raised for the first time at oral argument that were not mentioned in her moving papers. Defendant did not have an opportunity to address the arguments.

8

plaintiff's briefs as acknowledging she does not presently know of any "gaps" because she wants to determine "whether" the decision maker was insulated or isolated. March 3, 2013 LB at 2. In addition, plaintiff does not question whether defendant's firewall existed but just whether it was "sufficient." April 15, 2013 LB at 2.

Simply because plaintiff raises the specter of a conflict of interest does not give her the right to conduct "carte blanche" conflict of interest discovery beyond the administrative record. <u>Irgon</u> at *5. Before plaintiff can conduct the discovery she requests she "must establish a reasonable suspicion of misconduct." <u>Id.</u> Stated another way, plaintiff "must allege a good faith basis of conflict of interest to warrant discovery." <u>Id.</u> Plaintiff has not satisfied her burden. Plaintiff did not cite to any portion of the administrative record to support her request for discovery. She also did not cite to any evidence of an "irregularity" to show there is a good faith belief that misconduct occurred.

In its response to interrogatory 3 (Doc. No. 44, Exhibit C, pp. 19-21) defendant provided a detailed explanation regarding the steps it took to insulate claims decisions from the company's financial matters, and the steps it took to prevent or mitigate a conflicts problem. Defendant explained that plaintiff's initial termination was made by a Claims Specialist

9

and approved by a Team Leader, both of whom were part of the claims department. Defendant further explained that plaintiff's appeal was denied by the separate appeals unit. In addition, defendant explained how it "walled-off" claims examiners and appeals specialists, and that its claims and appeals decisions are insulated from the financial and underwriting departments. Further, defendant cited to the portion of the administrative record (HLI 70-74, 28-35) where it identified the factors it relied upon to uphold the termination of plaintiff's claim for benefits. Defendant also identified in the record the health care professionals it consulted with regarding plaintiff. These professionals whose C.V.'s were produced included Sergio Loaiza, M.D., Board Certified in Neurology with the added qualification in Clinical Neurophysiology by the American Board of Psychiatry and Neurology, and Thomas Klein, M.D., Board Certified in Otolaryngology. Id. at 29-30, 35-39. In response to plaintiff's interrogatories defendant also explained that there is no "incentive program" regarding the denial of disability claims. Id. at 27-28. And, that the decision makers are paid "fixed salaries and performance bonuses that are wholly unrelated to the number of claims paid or claims denied." Id. at 28. This detailed response does not evidence a lack of thoroughness on the part of the administrator that justifies additional discovery. Irgon at *5.

It appears to the Court that plaintiff served generic interrogatories asking for information such as how many claims were presented for appeal, how many were denied and accepted, how was the appeal decision made, was the decision maker influenced by outside factors, was there an incentive program, was the decision maker reprimanded, and the person's training. Presumably plaintiff's deposition notice covered the same topics. Unfortunately for plaintiff, however, she has not demonstrated that any additional discovery is appropriate or necessary. Defendant represents it produced the administrative record to plaintiff on December 20, 2011. Plaintiff has certainly had enough time to identify irregularities in the record that might justify additional discovery. Plaintiff has not done so and, therefore, plaintiff's motion will be denied. As discussed, discovery in the ERISA context is limited. In effect, if the Court granted plaintiff's motion then any time the arbitrary and capricious standard of review applied a claimant denied disability benefits would be entitled to serve detailed interrogatories and take a corporate designee deposition. This position is not supported in the case law and is inconsistent with ERISA's goals. Before plaintiff is permitted to embark on detailed discovery to pursue an alleged structural conflict she must identify a good faith basis to

believe an irregularity has occurred. Since plaintiff has not done this her motion is denied.

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 16th day of December, 2013, that plaintiff's Motion to Compel Discovery is DENIED.

                                        s/Joel Schneider
                                        JOEL SCHNEIDER
                                        United States Magistrate Judge